# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JASON WEBB**                                                                                       **PETITIONER**

**v.**                                                                   **CIVIL ACTION NO. 3:25-CV-485-JHM**

**COMMONWEALTH OF KENTUCKY**                                                                         **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 28 U.S.C. § 2254 habeas corpus action. The matter is currently before the Court for preliminary review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. By prior Order, the Court directed Petitioner Jason Webb to show cause why his petition should not be denied and his action dismissed as untimely (DN 15). Webb filed a response in the form of a motion titled "Motion to Stay in Abeyance" (DN 16). For the reasons set forth below, the Court will dismiss this action as time-barred and deny Webb's motion as moot.

### I.

Webb initiated this action by filing a document titled "Motion to Vacate Judgment Pursuant to CR 60.02 (e) & (f)." By prior Order, the Court observed that it lacked jurisdiction over this state court motion. However, before dismissing the action, the Court provided Webb the opportunity to file a § 2254 habeas petition, which Webb did.

In his petition (DN 9), Webb states that he was convicted on April 21, 2023, in Jefferson Circuit Court for 20 counts of possession of matter portraying a sexual performance by a minor. Webb states that he was sentenced on June 16, 2023, to five years of imprisonment. Webb states that he did not file a direct appeal of his conviction. He also indicates that the instant habeas action is the only post-conviction relief he has sought.

**II.**

Because the petition now before the Court was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, Webb was sentenced on June 16, 2023. Under Kentucky law, he had thirty days to appeal from a judgment or conviction. *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken . . . ."). Thus, because Webb did not file a direct appeal and because 30 days after June 16, 2023, was Sunday, July 16, 2023, Webb's conviction became final on Monday, July 17,

2023. *See* Ky. R. Crim. P. 1.10; *Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002) ("For purposes of federal habeas review, a state-court judgment becomes final when direct review by the state court ends or when the time to seek direct review expires, whichever comes later."). Therefore, the statute of limitations for this action expired one year later on July 17, 2024. Thus, it appears that the instant § 2254 petition is time-barred.

**III.**

In Webb's response to the order directing him to show cause why this action is not time-barred, he argues that he is entitled to equitable tolling because he has had multiple legal aides who have given him bad advice and because, despite diligent effort, he has been unable to secure a complete copy of "his work product, court hearing recordings, and any other documents pertaining to his case."

A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

As to Webb's first argument, inadequate advice from counsel or a prison legal aide cannot support equitable tolling. *Carter v. Phillips*, No. 20-6038, 2021 U.S. App. LEXIS 6433, at *5 (6th Cir. Mar. 4, 2021) (citing *United States v. Robinson*, 762 F. App'x 571, 577-78 (10th Cir. 2019) (holding that misinformation from an inmate legal assistant was not grounds for equitable tolling)). Webb's second argument for equitable tolling, that he has not obtained the records he needs to initiate this action, is vague and conclusory. Moreover, the Sixth Circuit has held that a

lack of access to records "is not the kind of 'extraordinary circumstance' that stands in a petitioner's way and prevents a timely habeas filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-751 (6th Cir. 2011). In reaching this holding, the Sixth Circuit reasoned that because the Rules Governing Section 2254 cases require the State to furnish the record once a habeas petition has been filed, "the rules . . . envision that petitioners may at times have to file their petitions without having had access to the state-court record." *Id*. (citing Rules Governing Section 2254 cases, R.2(c)). Thus, in *Hall*, the court specifically held that the unavailability or delay in receiving trial transcripts is not enough to entitle a habeas petitioner to equitable tolling. *Id*.

For these reasons, the Court concludes that Webb has failed to establish that he is entitled to equitable tolling. Because the Court is dismissing this action as barred by the applicable statute of limitations and the outcome of any post-conviction motion Webb now files in his state-court action will not alter this conclusion, **IT IS ORDERED** that Webb's motion for a stay so that he may file a post-conviction motion in his state-court criminal action (DN 16) is **DENIED as moot**.[1]

### IV.

In the event that Webb appeals this Court's dismissal of this action, he is required to obtain a certificate of appealability. U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

---

[1] "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Put another way, the tolling provision in § 2244(d)(2) does not revive "the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Id*.

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id*.  In such a case, no appeal is warranted.  *Id*.  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

V.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: December 3, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Petitioner, *pro se*
4414.011